ANDERSON *v.* GAMBOA.

1. INTOXICATING LIQUORS—DEATH OF LIQUOR LICENSEE—OPERATION
   OF BUSINESS BY ADMINISTRATRIX.
   The liquor control commission may approve the operation of
   the licensed establishment by a special administratrix of the
   estate of a deceased licensee pending settlement of the estate
   (CLS 1961, § 436.17, as amended by PA 1962, No 35).

2. SAME—ADMINISTRATOR—OPERATION OF BUSINESS.
   Defendant who as fiduciary of estate of her husband was a liquor
   licensee at time of alleged illegal sale to a minor under statute
   providing for operation of establishment by an administratrix
   pending settlement of the estate, was liable under dramshop
   act (CLS 1961, § 436.17, as amended by PA 1962, No 35,
   § 436.22).

3. SAME—MOTION TO DISMISS COMPLAINT.
   Denial of motion to dismiss complaint against a defendant as ad-
   ministratrix of estate of her husband, who was a licensee of
   an SDM license, on ground she was discharged as administra-
   trix prior to service of summons and complaint on her in
   action under dramshop act and on ground that at time of
   service there was no such person as defendant as the admin-
   istratrix of her husband's estate *held,* proper, in view of
   statute which makes administratrix a licensee pending settle-
   ment of the estate (CLS 1961, § 436.17, as amended by PA
   1962, No 35, § 436.22).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 30 Am Jur, Intoxicating Liquors § 119.
[2] 31 Am Jur 2d, Executors and Administrators § 221.

Appeal from Wayne; Brennan (Thomas E.), J. Submitted Division 1 November 7, 1967, at Detroit. (Docket No. 3,044.)  Decided March 21, 1968.

Complaint by Harry Anderson, Isobel Anderson, and Gregory and Jeffrey Anderson by their next friend, Isobel Anderson, against Carlos H. Gamboa, Jim Smith, Antoinette Kaminskas, administratrix of the estate of Frank Kaminskas, and Glens Falls Insurance Company, a foreign corporation, to recover for injuries sustained in automobile accident. Antoinette Kaminskas' and Glens Falls Insurance Company's motion to dismiss denied. They appeal. Affirmed.

*Sullivan, Sullivan, Hull & Ranger,* for plaintiff.

*David N. Walsh,* for defendant appellants.

Quinn, J.  On leave granted, defendants Antoinette Kaminskas, administratrix of the estate of Frank Kaminskas, and the Glens Falls Insurance Company appeal from the order of the trial court denying their motion to dismiss.  The cause of action asserted against Antoinette Kaminskas, administratrix of the estate of Frank Kaminskas, was on the basis of alleged liability under what is commonly known as the dramshop act.  CLS 1961 § 436.22 (Stat Ann 1968 Cum Supp § 18.933).  The cause of action asserted against Glens Falls Insurance Company was as surety on the bond of Antoinette Kaminskas, administratrix, required by the same statute.

April 24, 1964, plaintiffs filed complaint against defendants Gamboa and Smith for damages resulting from an automobile accident that occurred January 19, 1964.  April 6, 1965, on motion of plaintiffs,

Antoinette Kaminskas, administratrix of the estate
of Frank Kaminskas, and Glens Falls Insurance
Company were added as parties defendant by the or-
der of the trial court.   Summons issued the same day
and the added defendants were served therewith and
with an amended complaint pleading the action
against them as outlined above on April 17, 1965.
After defendants filed answer to the complaint and
on February 10, 1966, they moved to dismiss for the
reason Antoinette Kaminskas was only the adminis-
tratrix of the estate of Frank Kaminskas, who was
the licensee in his lifetime, and she was discharged
as administratrix prior to service of summons and
complaint on her, hence at the time of service, there
was no such person as Antoinette Kaminskas, ad-
ministratrix of the estate of Frank Kaminskas.   The
appeal is from denial of this motion.

At the time of his death, December 12, 1962, Frank
Kaminskas was the licensee in an SDM license.[1]   As
executrix of his estate, Antoinette Kaminskas peti-
tioned the probate court on March 7, 1963, for au-
thority to continue this business, and such authority
was granted May 6, 1963.   From September 19, 1963
to April 9, 1965, the license for this business was in
the name of Frank Kaminskas' estate, Antoinette
Kaminskas, executrix.   The alleged illegal sale to a
minor,[2] defendant Gamboa, was January 19, 1964.

The issue to be decided is whether plaintiffs have
stated a cause of action against a proper defendant,
namely:   Antoinette Kaminskas, administratrix of
the estate of Frank Kaminskas.   The fact that this
defendant is named in the complaint as Antoinette
Kaminskas, administratrix of the estate of Frank
Kaminskas, rather than in the manner of the license
is deemed immaterial in view of PA 1961, No 236,

---

[1] CLS 1961, § 436.2q  (Stat Ann 1957 Rev § 18.972[17]).
[2] CLS 1961, § 436.33  (Stat Ann 1957 Rev § 18.1004).

§ 2301 (CLS 1961, § 600.2301, Stat Ann 1962 Rev § 27A.2301). This issue must be decided under the terms of the statute creating the cause of action here asserted.

CLS 1961, § 436.17, as amended by PA 1962, No 35 (Stat Ann 1963 Cum Supp § 18.988) provides in part as follows:

"All licenses issued under this act shall be construed to be a contract between the commission and the licensee and shall be signed by both parties. In the case of the death of a licensee, the commission may approve the operation of the establishment by a special administrator or special administratrix, administrator or administratix, or executor or executrix duly appointed by the proper court, pending the settlement of the estate of the deceased licensee."

Antoinette Kaminskas as fiduciary of the estate of Frank Kaminskas was the licensee at the time of the alleged illegal sale, and under the provisions of CLS 1961, § 436.17, as amended by PA 1962, No 35 (Stat Ann 1963 Cum Supp § 18.988) was liable therefor.

Affirmed, with costs to plaintiffs.

LEVIN, P. J., and J. H. GILLIS, J. concurred.